# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br> vs.<br>FELICIANO RUANO YANEZ,<br><br>         Defendant. | CASE NO. 13cr3515-LAB-1 and 16cv1964-LAB<br><br>**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255** |

After pleading guilty to importation of methamphetamine, Defendant-Petitioner Feliciano Ruano Yanez was sentenced on April 8, 2014 to 138 months' imprisonment. (Docket no. 36.) He brought no direct appeal. On May 25, 2016 he filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence pursuant to U.S.S.C. Amendment 782. The Court denied that motion without prejudice to its being renewed pursuant to this District's General Order #642. (Docket no. 39.) It was not renewed, however, and that denial is now final.[1]

On August 1, 2016, Ruano Yanez filed a motion pursuant to 28 U.S.C. § 2255. This motion seeks relief under Amendment 794, which amended U.S.S.G. 3B1.2. Specifically he asks that although at sentencing he was denied the benefit of minor role, he be given that

---

[1] Ruano Yanez's § 2255 motion incorrectly says this motion is still pending. (*See* Docket no. 40, at 4, 11.)

1 | benefit retroactively and resentenced. Amendment 794 was issued on November 1, 2015.
2 | *See United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016). This occurred well
3 | after Ruano Yanez's conviction was final.
4 |       In general, the court is required to use the guidelines manual in effect on the date a
5 | Defendant is sentenced. *See Dorsey v. United States*, 132 S.Ct. 2321, 2332 (2012);
6 | U.S.S.G. § 1B1.11(a) (requiring use of "the Guidelines Manual in effect on the date that the
7 | defendant is sentenced"). The U.S. Sentencing Commission did not make Amendment 794
8 | retroactive to all cases. *See* U.S.S.G. § 1B1.10(d) (2015). But the Ninth Circuit has held it
9 | retroactive on direct review. *Quintero-Leyva*, 823 F.3d at 523.
10 |       Although Ruano Yanez cited § 2255, he is not entitled to relief under this statute. He
11 | is not arguing that his sentence was illegal when imposed, that it was imposed in violation
12 | of U.S. law, or any of the other reasons listed in § 2255(a). Instead, he is arguing that he
13 | ought to be given retroactive benefit of a clarifying amendment. This type of claim must be
14 | brought as motion under 18 U.S.C. § 3582, not a § 2255 motion. *See Hamilton v. United*
15 | *States*, 67 F.3d 761, 763 (9th Cir. 1995) (holding that a § 2255 claim can be based only on
16 | a claim of lack of jurisdiction, constitutional error, an error resulting in " a complete
17 | miscarriage of justice," or "a proceeding inconsistent with the rudimentary demands of fair
18 | procedure") (quoting *United States v. Timmreck*, 441 U.S. 780, 783–84 (1979)).
19 |       Even if Ruano Yanez's motion were properly brought under § 2255, it would be
20 | untimely. Such a motion must be brought within one year of certain listed events. *See*
21 | § 2255(f). The latest of those events in this case was the date on which his judgment of
22 | conviction became final, which was in 2014.
23 |       If the Court were to construe this as a § 3582 motion, Ruano Yanez's claim fails
24 | because Amendment 794 is not retroactive for purposes of a § 3582 motion. *See Quintero-*
25 | *Leyva,* 823 F.3d at 523 (holding that Amendment 794 was a "clarifying amendment"; *United*
26 | *States v. Stokes*, 300 Fed. Appx. 507, 508 (9th Cir. 2008) (holding that a "clarifying
27 | amendment" does not apply retroactively in a motion for reduction of a sentence under
28 | § 3582).

1  Ruano Yanez also mentions ineffective assistance of counsel, but provides no facts
2 and admits he does not know whether he has such a claim.  (Docket no. 40 at 11.)
3  The motion is **DENIED**, and a certificate of appealability is also **DENIED**.  *See* 28
4 U.S.C. § 2253(c)(2).
5  **IT IS SO ORDERED**.
6 DATED: August 10, 2016

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge